UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JONATHAN CORBETT,

                Plaintiff,

       -against-

THE CITY OF NEW YORK, RAYMOND KELLY,
OFFICER DOES 1 THROUGH 4,

                Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-3549 (CBA) (JMA)

AMON, Chief United States District Judge:

       Pro se plaintiff Jonathan Corbett brings this action pursuant to 42 U.S.C. § 1983 alleging that four unidentified plainclothes officers violated his constitutional rights when they unlawfully detained and searched him. To date, the parties have been unable to identify the John Doe police officers allegedly involved in the incident. Before the Court is the plaintiff's objection to Magistrate Judge Azrack's ruling that the City of New York will not be compelled to produce to the plaintiff a copy of the New York Police Department's "roll call" from the 77th precinct containing the names of all police officers scheduled to be on duty at the time of the alleged incident.

       "District courts reviewing non-dispositive pretrial orders may not modify or set aside any part of those orders unless they are clearly erroneous or contrary to law." Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002) (citing Fed. R. Civ. P. 72(a)). "Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error. That standard imposes a heavy burden on the objecting party and only permits reversal where the magistrate judge abused his discretion." Id. (citations omitted).

       Having reviewed the parties' submissions, the Court cannot say that Magistrate Judge Azrack's ruling was clearly erroneous. The City expressed legitimate concerns about the

1

potential online distribution of personal information about police officers who are not parties to this action, as well as the disclosure of other confidential information contained in the roll call. Moreover, the plaintiff was permitted to view a photo array containing 54 police officer photographs (including fillers) of plainclothes officers who were on duty the night of the alleged incident. He was unable to identify any officer who could have been involved. In light of the fact that the plaintiff does not know the names of the police officers who allegedly detained him, the Court is not convinced that viewing a random list of officer names would help the plaintiff identify who was involved. Accordingly, Magistrate Judge Azrack's ruling is affirmed.

SO ORDERED.

Dated: Brooklyn, New York
      May 3, 2012

                                                          /s/
                                          Carol Bagley Amon
                                          Chief United States District Judge