FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 2 4 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JONATHAN CORBETT,

               Plaintiff,

    -against-

CITY OF NEW YORK, RAYMOND KELLY,

               Defendants.

-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-03549 (CBA) (VMS)

**AMON, Chief United States District Judge.**

       On February 15, 2013, Magistrate Judge Vera M. Scanlon issued a Report and

Recommendation ("R&R") recommending that the Court (1) grant Plaintiff Jonathan Corbett's

motion for leave to file supplemental evidence, (2) grant summary judgment to Defendants City

of New York and Raymond Kelly on all of Corbett's claims, (3) deny Corbett's request for a

preliminary injunction, and (4) deny Corbett's motion for leave to file a second amended

complaint. Corbett filed objections to the R&R on March 1, 2013, and moved for leave to file

notice of supplemental authority on August 12, 2013. Having reviewed de novo those parts of

the R&R to which Corbett has objected, the Court adopts the recommendations of the R&R in

full for the reasons stated below.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts and background of this

litigation, as set forth in the R&R. In short, Corbett, a Caucasian man, alleges that while walking

through a neighborhood inhabited primarily by black residents, he was stopped by four men,

riding in an unmarked car, who claimed they were officers with the New York Police

1

Department ("NYPD"). The men informed him he was being detained as part of a drug investigation, and did a search of Corbett's body. After asking several additional questions, and after Corbett refused to give the men his identification, they left. Corbett was never taken into custody nor otherwise charged with any crime in relation to the incident. Corbett alleges that he was stopped and searched by the men because of his race.

During discovery, Corbett was provided with resources to aid in his identification of the officers responsible for the alleged stop-and-frisk, including the opportunity to examine a photo array of fifty-four officers on duty around the time of the incident in the precinct where it occurred; although Corbett identified two photographs, the City's subsequent investigation determined that one of the identified officers was retired at the time of the incident, and the other was off-duty. (Pl's Rule 56.1 Statement ¶ 12.) After a subsequent investigation by the City failed to find any group of four plainclothes officers working that night, Corbett voluntarily dismissed the four "Officer Doe" defendants. (See Docket Entry ("DE") 39.)

On September 24, 2012, the defendants filed a motion for summary judgment, and Corbett cross-moved for a preliminary injunction and for leave to file a second amended complaint. On October 10, 2012, Corbett moved for leave to file as supplemental evidence a recording of another person being stop-and-frisked by NYPD officers several weeks prior to his alleged encounter. All of the motions were referred to Magistrate Judge Scanlon.

In her R&R, Magistrate Judge Scanlon recommended that the Court: (1) grant Corbett's motion for leave to file supplemental evidence; (2) grant Defendants' motion for summary judgment on all of Corbett's claims; (3) deny Corbett's motion for a preliminary injunction; and (4) deny Corbett's motion for leave to file a second amended complaint.

2

## DISCUSSION

### I.  Standard of Review

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).  When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II.  Corbett's Objections to the R&R

Corbett raises five objections to the R&R.  He challenges Magistrate Judge Scanlon's determinations (1) that a reasonable jury could not find that Corbett was stopped and searched by NYPD officers; (2) that Corbett has not adduced sufficient evidence from which a factfinder could conclude that the NYPD has a policy or custom of promoting unlawful stop-and-frisks; (3) that a plaintiff must be a member of a racial minority in order to assert a claim under 42 U.S.C. § 1981; (4) that Corbett's proposed injunctive relief would "not necessarily satisfy the purpose for which it would be issued"; and (5) that the Defendants would be prejudiced if Corbett was allowed to file a second amended complaint. (Plaintiff's Objection to R&R ("Pl.'s Objection"), DE 62.)  Because this Court agrees with the R&R that Corbett has failed to raise a material issue of fact as to whether the men who stopped him were NYPD officers, it rejects all of Corbett's objections and adopts the conclusions of the R&R.

3

## A. Whether Corbett Was Stopped by NYPD Officers

Summary judgment is appropriate if the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A 'genuine issue' exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 498 (2d Cir. 2001). Although the Court must draw all reasonable inferences in favor of the nonmoving party, see Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996), that party cannot rest on mere allegations or denials, but must come forward with specific facts showing that there is a genuine issue for trial, see Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). "Where it is clear that no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment should be granted." FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (internal quotation marks omitted); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998) (non-moving party "must offer some hard evidence showing that its version of the events is not wholly fanciful").

In his objections to the R&R, Corbett argues that he presented sufficient evidence from which a reasonable jury could conclude that the persons who confronted him were NYPD officers, arguing that it is implausible that another group of men stopped him, searched him, and let him go without robbing him or otherwise harming him. This Court, however, agrees with the R&R that Corbett has not sufficiently raised a genuine issue of material fact as to whether his assailants were police officers. The only evidence Corbett offers that the men were NYPD officers is his testimony that one of the men identified himself as a police officer, and that there

4

were electronics between the two front seats of the unmarked vehicle. (See Declaration of Vicki B. Zgodny, Ex. B (Deposition of Jonathan Corbett) ("Corbett Dep."), at 123.) Corbett admitted that the vehicle had no police markings on it (id. at 108-110, 125), that the men were not wearing uniforms and did not present badges (id. at 125, 138), and that he did not see any guns, personal radios, batons, or pepper spray during the incident (id. at 128-30, 150).

Despite the lack of evidence that the men who stopped him were NYPD officers, Corbett was given ample opportunity through the discovery process to identify the officers responsible. He was shown a photo array of every officer on duty in the precinct around the time of the incident, but the only two officers he identified were, respectively, off-duty and retired at the time of the incident. (Defs.' Rule 56.1 Statement ¶ 12.) The City thereafter conducted a further investigation to determine whether officers from another precinct could have been responsible; that investigation found that there were no groups of four officers travelling in either a marked or unmarked car in the vicinity at the time of Corbett's encounter. (Id. ¶ 57.) Nor has Corbett provided any additional information from which the City could try to further determine whether any of its officers were responsible: Corbett could not recall the license plate number of the vehicle, nor could he describe the physical appearance of his assailants beyond the complexion of their skin and their relative heights. (See Corbett Dep. at 111, 113, 118-21.) Corbett's only evidence that the men were police officers – the self-identification of one of the men as such, the electronic equipment in the car, and his own belief based on his alleged past experience with police officers – is insufficient, in light of his inability to identify the officers when given the opportunity, to raise a genuine issue of fact as to whether he was stopped by NYPD officers. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 726 (2d Cir. 2010) (plaintiff

5

cannot defeat summary judgment by presenting only "a scintilla of evidence supporting" the claim (internal quotation marks omitted)).

Because Corbett's claims against the City and Kelly are premised on the allegation that NYPD officers stopped and searched him, Corbett's inability to prove that his assailants were NYPD officers is fatal to every claim that he asserts against the Defendants in this lawsuit. This Court therefore adopts the conclusion of the R&R that the Defendants are entitled to summary judgment on all of Corbett's claims.

### B. Corbett's Other Objections

Because this Court concludes that Corbett has failed to adduce sufficient evidence that the incident occurred at the hands of NYPD officers, it need not address either Corbett's objections regarding his evidence that the NYPD had a policy or custom that promotes unlawful stop-and-frisk, or his assertion that a plaintiff need not be a racial minority to bring a § 1981 claim. Corbett's failure to raise a genuine issue of fact as to whether he was stopped and searched by NYPD officers is sufficient to grant summary judgment to Defendants on his claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and those brought under § 1981, see Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (defendant cannot be liable under Monell without a finding of an underlying constitutional violation); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (plaintiff must allege discrimination concerning an activity enumerated in the statute to state a claim under § 1981). Because Magistrate Judge Scanlon's recommendation that Defendants be granted summary judgment on all claims is justified by Corbett's failure to demonstrate a genuine issue of fact as to whether NYPD officers were responsible, the Court need not address alternative grounds for reaching that conclusion.

6

The Court also rejects Corbett's objections to the denial of his motion for a preliminary injunction and for leave to file a second amended complaint. With respect to the preliminary injunction, Corbett challenges only the R&R's finding that his proposed injunctive relief would not "satisfy the purpose for which it would be issued." (Pl.'s Objection at 6.) Corbett's failure to raise a genuine issue of fact as to whether he was stopped and searched by NYPD officers, however, forecloses the possibility of any preliminary injunctive relief. See Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007) (party seeking preliminary injunction must establish, inter alia, "either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor"). Likewise, although Corbett challenges the R&R's determination that granting him leave to file a second amended complaint would prejudice Defendants, he admits that granting such leave "would obviously be futile" if this Court finds that he failed to raise a genuine issue of fact as to whether he was stopped by NYPD officers. Because he has failed to do so, his proposed amended complaint – which would offer no additional facts about the officers who allegedly stopped him (see Plaintiff's Proposed Second Amended Complaint, DE 51-1) – would be futile, see Talley v. Brentwood Union Free Sch. Dist., 728 F. Supp. 2d 226, 231 (E.D.N.Y. 2010) ("A motion to amend may properly be denied on the grounds of . . . futility of the proposed amendment.").

### III.  Corbett's Motion for Leave to File Notice of Supplemental Authority

On August 12, 2013, Corbett moved for leave to file notice of supplemental authority; namely, to alert this Court to Judge Scheindlin's recent decisions in Floyd v. City of New York. See No. 08 Civ. 1034, 2013 WL 4046209 (S.D.N.Y. Aug. 12, 2013); Nos. 08 Civ. 1034, 12 Civ. 2274, 2013 WL 4046217 (S.D.N.Y. Aug. 12, 2013). Although the Court grants Corbett's motion

to file the <u>Floyd</u> opinions with this Court as additional authority, those opinions do not change the outcome in this case. Although Judge Scheindlin's decisions may have persuasive value in examining whether a stop-and-frisk such as the one Corbett alleges he was subjected to was justified, or in determining whether the NYPD has an unconstitutional stop-and-frisk policy, those cases fail to cure the fatal flaw in Corbett's suit: the lack of evidence from which a jury could conclude he was stopped and searched by NYPD officers.

## CONCLUSION

The Court hereby adopts the conclusions of the R&R in full, for the reasons stated above. Accordingly, Corbett's motion for leave to file supplemental evidence is granted, Corbett's motions for a preliminary injunction and for leave to file a second amended complaint are denied, and Defendants' motion for summary judgment is granted in full. Additionally, the Court grants Corbett's motion for leave to file notice of supplemental authority. Corbett's claims are accordingly dismissed in their entirety. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
     September 2⥁, 2013

                                  s/Carol Bagley Amon
                                  Carol Bagley Amon
                                  Chief United States District Judge