IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ DEC 0 5 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONATHAN CORBETT,

      Plaintiff,

 -against-

CITY OF NEW YORK, RAYMOND KELLY,

      Defendants.

-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-03549 (CBA) (VMS)

**AMON, Chief United States District Judge.**

 Plaintiff Jonathan Corbett moves to set aside an award of costs taxed against him by the Clerk of the Court in the amount of $820.15, following this Court's order granting summary judgment in favor of Defendants City of New York and Raymond Kelly. Corbett argues that a) Defendants' bill of costs was not timely filed, b) the costs award was improper, as it included costs for two copies of Corbett's deposition transcript, and c) taxing costs was inappropriate, given the circumstances of the case. Each of Corbett's contentions is meritless.

 Rule 54 of the Federal Rules of Civil Procedure directs that costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964)). "[S]uch an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Id. at 270.

 Under this Court's local rules, a notice of taxation of costs must be filed "[w]ithin thirty (30) days after the entry of final judgment." E.D.N.Y. Local Civ. R. 54.1(a). The judgment in this case was entered on September 25, 2013 (see Docket Entry ("DE") 65); as such, Defendants'

bill of costs, filed October 25, 2013, was timely. Likewise, the local rules allow the costs of "the original transcript of a deposition, plus one copy" to be taxed if the transcript was used by the Court in ruling on a summary judgment motion. E.D.N.Y. Local Civ. R. 54.1(c)(2). Corbett argues that because the bill of costs submitted by Defendants listed the cost for the original plus two copies, the amount awarded for the costs of the deposition transcript should be reduced by one third. However, because, as Defendants have submitted, the transcript service's prices were based on the per page cost of the original transcript, with two copies automatically furnished at no additional cost, the cost would have been the same even had Defendants received only one copy from the transcript service. (See Declaration of Vicki B. Zgodny, DE 68.) Therefore, no reduction is warranted.

Finally, the Court does not find that taxing costs is inappropriate in this case. Corbett has not met his burden to show that costs, presumptively available to the prevailing party, should not be imposed, see Whitfield, 241 F.3d at 270. The Court does not find that the public importance of this case, in which Corbett failed to adduce evidence suggesting that he was stopped by Defendants' police officers, is so great as to overcome this presumption.

Accordingly, Corbett's motion to set aside the Clerk's award of costs is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      December 5, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge